IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALVATORE CHIMENTI, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL NO. 3:CV-01-0273 |
| ROGER KIMBER, ET AL., | : | (Chief Judge Vanaskie) |
| Defendants. | : | |

## MEMORANDUM

**BACKGROUND**

This civil rights action pursuant to 42 U.S.C. § 1983 was initiated by Salvatore Chimenti ("Plaintiff") regarding medical treatment for Hepatitis C while incarcerated at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"). By Memorandum and Order dated March 15, 2002, this Court granted motions to dismiss filed by the Wexford Defendants, Roger Kimber M.D., and the Commonwealth Defendants.

On June 8, 2005, the United States Court of Appeals for the Third Circuit issued an Opinion which concluded that Plaintiff sufficiently alleged claims of deliberate indifference to serious medical needs against two Defendants – former Secretary Martin Horn of the Pennsylvania Department of Corrections ("DOC") and SCI-Huntingdon Medical Director Farrohk Mohadjerin, M.D., who during the relevant time period was employed by Wexford Health Sources, Inc. The Court of Appeals added that Chimenti's request to file an

amended complaint against those two Defendants should have been granted. However, the Court of Appeals affirmed the dismissal of Chimenti's allegations against the other Defendants as well as his claim against Dr. Mohadjerin concerning discontinuance of Interferon therapy.

On remand, this Court granted Plaintiff leave to file an amended complaint regarding his surviving claims against the two remaining Defendants. An amended complaint (Dkt. Entry 76) was submitted on August 8, 2005. Doctor Mohadjerin responded to the amended complaint by filing a motion seeking partial dismissal of the amended complaint. The motion (Dkt. Entry 78) is ripe for consideration.

In his amended complaint, Chimenti states that he has been confined at SCI-Huntingdon since April, 1991. A liver biopsy was conducted by the SCI-Huntingdon medical staff during 1991. The biopsy tested positive for "Hepatitis C virus." (Dkt Entry. 76, ¶ 8.) Plaintiff asserts that he was informed that blood tests would be performed every four (4) to six (6) months to monitor his condition. Between 1991 and 1997, Chimenti acknowledges that he was not provided with any Interferon treatments because his Hepatitis did not require active treatment.

On or about July 24, 1997, Doctor Mohadjerin referred the Plaintiff to Doctor Gaugler, a gastroenterologist, for examination. According to the amended complaint, Gaugler conducted a liver biopsy during November, 1997, and thereafter recommended

Interferon treatment. Doctor Mohadjerin allegedly informed the Plaintiff that he would order the recommended Interferon treatment. After receiving partially successful Interferon treatment for three and one half months, the course of treatment was discontinued by Defendant Mohadjerin on March 18, 1998. Chimenti additionally alleges that Doctor Mohadjerin also rejected that Dr. Gaugler's recommendation that the Interferon treatment be intensified.

It is next asserted that Mohadjerin additionally concluded that no further treatment would be provided until the Food and Drug Administration (FDA) approved a new treatment, Rebetron. The FDA granted approval for Rebetron treatment in May or June, 1998. However, Dr. Mohadjerin allegedly informed Chimenti that he still could not prescribe Rebetron because the DOC and Wexford Health Services had not yet reached an agreement on the protocol for Rebetron treatment.

In January, 2000, an agreement was reached by the DOC and Wexford on the protocol. On June 26, 2000, Chimenti started receiving Rebetron therapy. However, the treatment was discontinued on June 26, 2000. The Plaintiff explains that his condition deteriorated to the point that his liver became severely damaged because he was not provided with any treatment between March 18, 1998 and June 26, 2000. Due to that prolonged period of inaction, the Rebetron treatment that was eventually provided was of no benefit and Chimenti now requires a liver transplant.

3

The amended complaint concludes that Doctor Mohadjerin was deliberately indifferent to Plaintiff's medical needs by discontinuing the Interferon treatment and by not pursuing or seeking approval of Rebetron treatment after the Center for Disease Control (CDC) issued a national protocol for Rebetron treatment in October, 1998. Chimenti requests compensatory and punitive damages plus an injunctive decree directing his transfer to the State Correctional Institution at Pittsburgh, Pennsylvania (SCI-Pittsburgh) for the purpose of being evaluated as a liver transplant candidate.

## DISCUSSION

Doctor Mohadjerin seeks dismissal of the claim that Mohadjerin's decision to terminate his Interferon treatment constituted deliberate indifference on the ground that the Court of Appeals' decision affirming the dismissal of this claim precludes re-litigation of it. In a response to the pending motion, Chimenti "states that the perceived 'claim' is meant only as a historical based 'fact' rather than a 'claim' upon which relief may be granted." Dkt. Entry 86, ¶ 8.

In its June 8, 2005 Opinion, the Court of Appeals clearly stated that Plaintiff's allegations that "Dr. Mohadjerin took him off Interferon do not state a claim of deliberate indifference because there is nothing to suggest that this was not an exercise of medical judgment." Dkt. Entry 74, p. 6. The Court of Appeals reiterated that with respect to Chimenti's allegation "that Dr. Mohadjerin took him off Interferon, we will affirm the District

Court's orders." Id.

Under the law of the case doctrine, when a court decides an issue of law at one stage of a case, it becomes binding precedent to be followed in successive stages of the same litigation. See Brown v. Flater, 1996 WL 434192 * 2  (E.D. Pa July 31, 1996) . "It is 'axiomatic' that on remand after an appellate court decision, the trial court 'must proceed in accordance with the mandate and the law of the case as established on appeal.'" Cooper Distributing Co. v. Amana Refrigeration Inc., 180 F.3d 542, 546  (3d Cir. 1999) (citing Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 949 (3d Cir. 1985).

The mandate of an appellate court establishes the law controlling further action in the litigation by another body subject to its authority. Finberg v. Sullivan, 658 F.2d 93, 97 n.5 (3d Cir. 1980).  In the present case, both this Court and the Court of Appeals have determined that the decision to discontinue Interferon treatment could not serve as the predicate for a claim of deliberate indifference.  This Court is bound by those prior determinations.  Although Plaintiff acknowledges that it was not the intention of his amended complaint to pursue a claim against Dr. Mohadjerin with respect to the decision to discontinue Interferon treatment, the Amended Complaint clearly suggests otherwise. Thus, it was appropriate for Dr. Mohadjerin to move for dismissal.  The discontinuance of Interferon treatment cannot be a basis for recovery.  Instead, this action is limited to the failure to provide Rebetron treatment.  Consequently, Defendant Mohadjerin's motion for

partial dismissal will be granted.

**CONCLUSION**

In accordance with the Court of Appeals' June 8, 2005 Opinion, Doctor Mohadjerin's motion for partial dismissal of the amended complaint will be granted. To the extent that Chimenti asserts that the decision to terminate Interferon treatment lacked any sound medical basis, such claim is dismissed. An appropriate Order will follow.

                                                **s/ Thomas I. Vanaskie**
                                                Thomas I. Vanaskie, Chief Judge
                                                Middle District of Pennsylvania

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SALVATORE CHIMENTI,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL NO. 3:CV-01-0273** |
| : | |
| **ROGER KIMBER, ET AL.,** : | **(Chief Judge Vanaskie)** |
| : | |
| **Defendants.** : | |

## O R D E R

**NOW, THIS 13th DAY OF FEBRUARY, 2006,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant Farrohk Mohadjerin, M.D.'s motion seeking partial dismissal of the amended complaint (Dkt. Entry # 78) is **GRANTED.**

2. Plaintiff's claim that Dr. Mohadjerin was deliberately indifferent for discontinuing Interferon treatment is dismissed.

3. Dr. Mohadjerin shall answer the amended complaint within fifteen (15) days from the date of this Order.

                                                            **s/ Thomas I. Vanaskie**
                                                            Thomas I. Vanaskie, Chief Judge
                                                            Middle District of Pennsylvania