IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALVATORE CHIMENTI, | : |
| Plaintiff, | : |
| v. | : CIVIL NO. 3:CV-01-0273 |
| ROGER KIMBER, ET AL., | : (Chief Judge Vanaskie) |
| Defendants. | : |

## MEMORANDUM

### BACKGROUND

Salvatore Chimenti ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983 regarding his medical treatment while incarcerated at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"). On May 23, 2001, this Court denied Plaintiff's request for appointment of counsel. Motions to dismiss filed by the Wexford Defendants, Roger Kimber M.D., and the Commonwealth Defendants were granted on March 15, 2002.

On June 8, 2005, the United States Court of Appeals for the Third Circuit ruled that Plaintiff had sufficiently alleged claims of deliberate indifference to serious medical needs against two Defendants – former Secretary Martin Horn of the Pennsylvania Department of Corrections ("DOC") and SCI-Huntingdon Medical Director Farrohk Mohadjerin, M.D. In accordance with that decision this Court granted Plaintiff leave to file an amended complaint

regarding his surviving claims against the two remaining Defendants.  An amended complaint was submitted on August 8, 2005.  On February 13, 2006, Doctor Mohadjerin's motion seeking partial dismissal of the amended complaint was granted.

Presently pending is Chimenti's motion for appointment of counsel.  <u>See</u> Dkt. Entry 89. Also before the Court is Plaintiff's motion seeking a stay of his obligation of responding to Defendant Mohadjerin's discovery requests pending disposition of his request for counsel. <u>See</u> Dkt. Entry # 95.  Chimenti has additionally submitted a motion asking that the deadline for filing an opposing brief to Defendant Horn's motion for summary judgment be stayed pending the outcome of his motion for appointment of counsel.  <u>See</u> Dkt. Entry # 103

**DISCUSSION**

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, federal courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1).  <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993), <u>cert. denied</u>, 510 U.S. 1196 (1994); <u>Ray v. Robinson</u>, 640 F.2d 474, 477 (3d Cir. 1981).  The Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." <u>Smith-Bey v. Petsock</u>, 741 F.2d 22, 26 (3d Cir. 1984).

In a more recent decision, the Court of Appeals again recognized that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citation omitted). It also reiterated that the criteria developed in Tabron should be employed in addressing the appointment of counsel issue.

The Court of Appeals for the Third circuit has recognized that requests for counsel in pro se prisoner cases involving complex medical issues should be given careful consideration. See Parham v. Johnson, 126 F.3d 454 (3d Cir. 1997). Based on an application of Parham and the Tabron factors, appointment of counsel is warranted in the present case. While Chimenti has demonstrated some ability to litigate this matter, the complexity of the issues involved with his claim of deliberate indifference to his medical needs would tax the ability of any pro se litigant. Other factors that militate in favor of appointment of counsel are Chimenti's inability to retain private counsel, his medical condition, the Third Circuit's decision to provide Chimenti with appointed counsel during the course of his earlier appeal, the likelihood that this case will require the testimony of expert witnesses if it proceeds to trial, and the accompanying requisite factual and expert witness investigation.

Pursuant to 18 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." Therefore, Chimenti's motion for appointment of

3

counsel will be conditionally granted in accordance with this Court's Pro Bono Attorney Program and § 1915(e)(1).  An inquiry will be undertaken by the Court to determine whether any attorney will accept an appointment.  If counsel cannot be found to represent Chimenti, the conditional order for appointment of counsel will be revoked.

Plaintiff should be afforded the opportunity of having appointed counsel prepare responses to Doctor Mohadjerin's pending discovery requests and Defendant Horn's pending summary judgment motion.  Accordingly, the Plaintiff's pending motions for stays of his obligation of submitting said responses will be granted.  An appropriate Order accompanies this Memorandum.

                                                 s/ Thomas I. Vanaskie
                                                 Thomas I. Vanaskie, Chief Judge
                                                 Middle District of Pennsylvania

DATED: MAY 24, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SALVATORE CHIMENTI, :
:
    Plaintiff, :
:
v. : CIVIL NO. 3:CV-01-0273
:
ROGER KIMBER, ET AL., : (Chief Judge Vanaskie)
:
    Defendants. :

## O R D E R

**NOW, THIS 24th DAY OF MAY, 2006,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

1. In accordance with the Court's Pro Bono Attorney Program, Plaintiff's motion (Dkt. Entry # 89) seeking appointment of counsel is **GRANTED CONDITIONALLY**.

2. The Plaintiff's motion (Dkt. Entry # 95) requesting that his obligation of responding to Doctor Mohadjerin's pending discovery requests be stayed pending disposition of his request for appointment of counsel is **GRANTED**.

3. Plaintiff's motion (Dkt. Entry # 103) seeking a stay from filing a

    response to Defendant Horn's motion for summary judgment is **GRANTED**.

4. Pending the conclusion of this Court's efforts to locate counsel willing to represent Plaintiff, litigation in this matter is **STAYED**.

        <u>**s/ Thomas I. Vanaskie**</u>
        Thomas I. Vanaskie, Chief Judge
        Middle District of Pennsylvania