IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALVATORE CHIMENTI, | : |
| Plaintiff, | : |
| v. | : CIVIL NO. 3:CV-01-0273 |
| FARROHK MOHADJERIN and MARTIN HORN, | : (Judge Vanaskie) |
| Defendants. | : |

## MEMORANDUM

### BACKGROUND

Salvatore Chimenti ("Plaintiff"), an inmate presently confined at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Smithfield"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. By Opinion dated June 8, 2005, the United States Court of Appeals for the Third Circuit concluded that Plaintiff sufficiently alleged claims of deliberate indifference to serious medical needs against two Defendants – Martin Horn, former Secretary of the Pennsylvania Department of Corrections ("DOC"), and Farrohk Mohadjerin, M.D., former Medical Director of the State Correctional Institution, at Huntingdon, Pennsylvania ("SCI-Huntingdon").[1]

---

[1] The Court of Appeals affirmed the dismissal of Chimenti's claims against other named Defendants.

Following that decision, Plaintiff was granted leave to file an amended complaint regarding his surviving claims. Chimenti's amended complaint states that a liver biopsy conducted by the SCI-Huntingdon medical staff during 1991 tested positive for "Hepatitis C virus." Dkt. Entry 76, ¶ 8. According to the amended complaint, Plaintiff was informed that his condition would be monitored through blood tests which would be performed every four (4) to six (6) months. Chimenti admits that his hepatitis did not require active treatment between 1991 and 1997.

Doctor Mohadjerin referred Plaintiff to Doctor Gaugler, a gastroenterologist, for examination on or about July 24, 1997. After conducting a liver biopsy in November, 1997, Doctor Gaugler recommended the initiation of Interferon treatment. Doctor Mohadjerin purportedly informed Plaintiff that he would follow Dr. Gaugler's recommendation and order the recommended Interferon treatment. However, although Interferon treatment was conducted with partial success over the course of the next three and one half (3 ½) months, the treatment was discontinued by Defendant Mohadjerin on March 18, 1998 on the basis that Chimenti was not fully responding to the treatment. It is also alleged that Doctor Mohadjerin rejected Dr. Gaugler's recommendation that the Interferon treatment be intensified and failed to provide any

substitute treatment.[2]

The amended complaint next contends that Mohadjerin concluded that no further treatment would be provided until the Food and Drug Administration ("FDA") approved a new aggressive form of care, Rebetron.  Approval of Rebetron treatment was announced by the FDA in May or June, 1998.  Thereafter, the Center for Disease Control ("CDC") issued a national protocol for Rebetron treatment in October, 1998.

Chimenti alleges that due to the failure of the DOC and Wexford Health Services to reach an agreement on the protocol for Rebetron treatment, Dr. Mohadjerin still would not prescribe Rebetron for the Plaintiff.  Finally, during January, 2000, an agreement was reached by the DOC and Wexford on the protocol.  Despite that development, Chimenti did not start receiving Rebetron therapy until June 26, 2000.  Plaintiff claims that because he was not provided with any treatment between March 18, 1998 and June 26, 2000, his condition deteriorated to the point that his liver became severely damaged.  As a result of that prolonged period of inaction, the Rebetron treatment that was eventually provided was of no benefit and Chimenti now purportedly requires a liver transplant.[3]

---

[2] The Court of Appeals affirmed the dismissal of the deliberate indifference claim based upon the decision of Dr. Mohadjerin to discontinue the Interferon treatment.

[3] Dr Kimber, who replaced Doctor Mohadjerin as SCI-Huntingdon's Medical Director, discontinued Plaintiff's Rebetron treatment on or about December 13, 2000 because Plaintiff was not responding favorably.

With respect to Secretary Horn, the amended complaint asserts that Horn "knew or should have known" of the need to implement "a speedy medical protocol for appropriate Rebetron treatment." *Id.* at ¶ 27.  Despite that knowledge, Horn allegedly failed to take appropriate action.

Presently pending is Defendant Horn's motion for summary judgment.  *See* Dkt. Entry 96.  The motion is ripe for consideration.[4]

DISCUSSION

Defendant Horn claims entitlement to entry of summary judgment solely on the grounds that Plaintiff failed to exhaust administrative remedies. Horn's supporting brief notes that his answer to the Amended Complaint raised the affirmative defense of non-exhaustion.[5] The moving Defendant acknowledges that Plaintiff did initiate an administrative grievance (No. 0037-1999) regarding his treatment for Hepatitis C.  Horn, however, asserts that because the grievance failed to name him, dismissal is warranted. Horn points out that the only grievance (No. 0090-1999) filed by Chimenti which does specifically name Horn solely relates to the alleged failure to provide Chimenti with an MRI examination of his neck and is not related to his pending claims.

---

[4] Litigation in this matter was stayed to allow Plaintiff to pursue efforts to locate counsel.  Plaintiff's efforts apparently have not been successful.

[5] It is undisputed that Horn had not raised a non-exhaustion argument in responding to the Original Complaint.

Plaintiff counters by arguing that Horn waived the affirmative defense of non-exhaustion by failing to assert it in his response to the original complaint.  He also argues that the grievance process in place at the time in question did not require that Horn be specifically named in the grievance, and because the grievance pertained to DOC policy, Horn, as DOC Secretary, was necessarily implicated.  He further contends that he did not include Horn's name in his grievance because he did not learn of the Superintendent's "involvement in formulating the Rebetron treatment protocol until after April 22, 1999," at which point his grievance was already on appeal.  Dkt. Entry 117, p. 2.  According to Chimenti, "the applicable administrative directives did not allow for the filing of a second grievance over the same issue."  Id.

A. Standard of Review

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); See also, Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001).  A factual dispute is "material" if it might affect the outcome of the suit under the applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party.  Id. at 248.  The court must resolve all

doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

B.   Administrative Exhaustion

42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United

6

> States (42 U.S.C. 1983), or any other federal law, by a
> prisoner confined in any jail, prison, or other correctional
> facility until such administrative remedies as are available
> are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). Failure to exhaust is an affirmative defense that must be pled by the defendant. Jones v. Bock, 127 S.Ct. 910, 922 (2007).

It is undisputed that Chimenti did exhaust administrative remedies with respect to the failure to receive Rebetron therapy. In this regard, our Court of Appeals observed that "Chimenti thoroughly grieved the issue of delay in the approval of the protocol and Dr. Mohadjerin's refusal to prescribe him Rebetron." It is also undisputed that the grievance in question did not name then-Secretary Horn.

The Pennsylvania Department of Corrections ("DOC") has established a Consolidated Inmate Grievance Review System which has been periodically amended. Dkt. Entry 102-3, Exhibit 6, DC-ADM 804 (effective January 1, 2001). During the time period in question, DC-ADM 804, Section VI ("Procedures") provided that, after attempted informal resolution of the problem, a written grievance could be submitted to

7

the Facility Grievance Coordinator; an appeal from the Grievance Coordinator's Initial Review decision had to be made in writing within five (5) working days to the Facility Manager; and a final written appeal had to be presented within five (5) working days to the Secretary's Office of Inmate Grievances and Appeals.

A prisoner, in seeking review through the grievance system, could include reasonable requests for compensation or other legal relief normally available from a court. Pertinent to the issue here, the DOC policy in effect at the time in question provided that "[t]he inmate should identify any persons who may have information which could be helpful in resolving the grievance."

In Jones, 127 S.Ct. at 922-23, the Court ruled that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Instead, all that is required is that the inmate comply with the applicable procedural rules established by the prison system. Id. at 922. The Court additionally indicated that the primary purpose of the exhaustion requirement is to allow "a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Naming each allegedly involved prison official is not essential to meet these purposes. Id. at 923.

In Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004), the court recognized that a

grievance under the DOC's administrative review system should identify specific persons, if practicable.  It held that an unexplained failure to identify a responsible prison official in a grievance may constitute a procedural default of the claim.  The Court of Appeals added that the prison's grievance process could excuse such a procedural default by identifying the unidentified person and acknowledging that the unnamed person was fairly within the scope of the prisoner's grievance.

In this case, the grievance in question named the DOC as an entity relevant to Chimenti's claim.  The DOC was indeed relevant as Chimenti was complaining of department-wide policy or department-wide inaction.  The initial response to the grievance referenced DOC policy.  Chimenti's administrative appeals complained of a DOC decision to "back out of protocol negotiations . . . because of cost and budgetary constraints."  The administrative file includes reference to a DOC task force established "to address the standards of care for this disease process."  It is thus abundantly clear that the grievance concerned a DOC policy within the purview of the DOC Secretary.  Thus, Mr. Horn was fairly encompassed within the scope of the grievance, even though not specifically named.  Moreover, the grievance satisfied the principal purposes of the exhaustion requirement by affording prison officials an opportunity to resolve the matter of treatment protocol short of litigation.  "[T]he primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he

9

may be sued." Jones, 127 S.Ct. at 923.  The purposes of the exhaustion requirement are not undermined here by holding that the failure to specify Mr. Horn as a responsible party does not warrant dismissal of him from this action.  See Williams v. Beard, 482 F.3d 637, 640 (3d Cir. 2007) (refusing to dismiss claim for failure to name defendant in grievance where it was clear that prison officials knew of defendant's involvement from the context of the grievance).

      Moreover, Plaintiff has adequately explained his failure to name Horn: he was not aware of Horn's personal involvement until his appeal was pending and an inmate may only file a single grievance for a particular matter.  At this stage of the proceedings, Chimenti's averment of when he first became aware of Mr. Horn's participation in the Hepatitis C treatment protocol must be accepted as true.  Our Court of Appeals observed that a failure to name a responsible party will effect a procedural default of a claim only if it was "practicable" to do so at the time the grievance was processed. Spruill, 372 F.3d at 234.  Chimenti has explained why it was not "practicable" to name Horn at the time his grievance was being processed, and this explanation suffices to excuse the failure to name him.  See Contor v. Caruso, No. 1:07-cv-303, 2008 WL 878665, at *3 (W.D. Mich. March 28, 2008) (excusing failure to name prison official where plaintiff did not know of his identity and grievance placed prison on notice of claim against pertinent employee).

Based upon an application of the standards announced by the Supreme Court in Jones and by the Third Circuit Court of Appeals in Spruill, the failure of the grievance to specifically name Secretary Horn does not warrant dismissal for non- exhaustion. Plaintiff has come forward with a reasonable explanation for his failure to specifically name Secretary Horn in his grievance. Moreover, as demonstrated above, his grievance clearly set forth the substance of his present claim against Horn, i.e., that he was delayed receiving needed medical treatment due to the failure of the DOC to timely approve a protocol for Rebetron treatment.[6] Defendant Horn's request for summary judgment will be denied. An appropriate Order will follow.

                                                                        s/ Thomas I. Vanaskie  
                                                                        Thomas I. Vanaskie  
                                                                        United States District Judge

---

[6] This Court's conclusion is bolstered by the Court of appeals' observation that "Chimenti thoroughly grieved the issue of delay in the protocol ."

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SALVATORE CHIMENTI,                :
                                   :
    Plaintiff,                     :
                                   :
    v.                             :     CIVIL NO. 3:CV-01-0273
                                   :
FARROHK MOHADJERIN and             :
MARTIN HORN,                       :     (Judge Vanaskie)
                                   :
    Defendants.                    :

## O R D E R

NOW, THIS 24th DAY OF JUNE, 2008, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. Defendant Martin Horn's motion seeking entry of summary judgment (Dkt. Entry 96) is DENIED.

2. A telephonic scheduling conference will be held on July 24, 2008 at 2:30 p.m. Counsel for Defendant Horn shall be responsible for making the arrangements for the conference call.

                                                    s/ Thomas I. Vanaskie
                                                    Thomas I. Vanaskie
                                                    United States District Judge