IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SALVATORE CHIMENTI, :
:
    Plaintiff, :
:
  v. : CIVIL NO. 3:CV-01-0273
:
ROGER KIMBER, ET AL., : (Judge Vanaskie)
:
    Defendants. :

## MEMORANDUM AND ORDER

### Background

This pro se civil rights action was filed by Salvatore Chimenti, an inmate presently confined at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Smithfield").[1] Chimenti alleges claims of deliberate indifference to serious medical needs which purportedly transpired when he was previously confined at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"). The remaining Defendants are former Secretary Martin Horn of the Pennsylvania Department of Corrections ("DOC")[2] and Medical Director Farrohk Mohadjerin, M.D., a former employee of Wexford Health Sources, Inc.

It is undisputed that Chimenti tested positive for Hepatitis C. The gist of the present

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] By Order dated May 15, 2009, this Court granted Plaintiff's motion for substitution of party and added DOC's current Secretary Jeffrey Beard as a Defendant in his official capacity only. (Dkt. Entry # 219, ¶ 2.)

action is Plaintiff's claim that due to a delay in providing him with an aggressive form of care, Rebetron, his condition has purportedly deteriorated to the point that his liver has become severely damaged.[3] Plaintiff's Amended Complaint seeks compensatory and punitive damages as well as injunctive relief, specifically, a transfer to the State Correctional Institution, Pittsburgh, Pennsylvania ("SCI-Pittsburgh") for the purpose of undergoing a liver transplant evaluation.

Presently pending is a motion seeking preliminary injunctive relief filed by Plaintiff. His motion requests that he be properly evaluated for a liver transplant by a qualified physician at the University of Pittsburgh Medical Center or other suitable transplant center. (Doc. # 135 at 4.)

Discussion

The United States Court of Appeals for the Third Circuit has directed that a district court in exercising its discretion as to whether to grant a motion seeking preliminary injunctive relief should consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the challenged conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992) (citing

---

[3]It is alleged that there was a prolonged delay by the DOC and Wexford Health Services in reaching an agreement on the protocol for the newly approved Rebetron treatment. Rebetron treatment which was eventually provided to Chimenti was discontinued on or about December 13, 2000 because the prisoner was not responding favorably.

2

Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir. 1990)).  The moving party bears the burden of demonstrating these factors.  See Dorfman v. Moorhous, No. Civ. A. 93-6120, 1993 WL 483166, at *1 (E.D. Pa., Nov. 24, 1993).

A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm."  Instant Air Freight v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).  Speculative injury does not constitute a showing of irreparable harm.  Continental v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980); see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987).  "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."  Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)).

Plaintiff states that he "now suffers from cirrhosis and a failing liver."  (Dkt. Entry # 135, ¶ 5.)  He adds that he has been diagnosed as "having end-stage liver disease, and both contract and treating physicians have repeatedly recommended that he be evaluated for a liver transplant." ( Id. at ¶ 6.)  He adds that there is a substantial threat that he will suffer irreparable harm if not granted relief.  Specifically, he states that a delay in having his name being placed on the liver transplant waiting list could be fatal.

In support of his request, Plaintiff has submitted a copy of a May 21, 2004 report by Maria Pettinger, M.D.   Doctor Pettinger indicates that a CT scan of Plaintiff's liver "raises the question of cirrhosis."  (Dkt. Entry # 139, Volume Two, p. 169.)  Also submitted is a letter dated August 8, 2005 from Brian D. Dodson, M.D., who opines that Chimenti "probably" has cirrhosis

3

of the liver and that it would be "reasonable" to have Plaintiff undergo a liver transplant evaluation. (Id. at p. 199.)

Defendant Doctor Farrokh Mohadjerin opposes Plaintiff's request on the grounds that it appears to be based upon speculative fears of irreparable injury. Counsel for Dr. Mohadjerin also states that the doctor is not in a position to grant the requested relief even if it is justified because he is no longer working at or associated with SCI-Huntingdon or any other correctional facility in Pennsylvania.[4] (Dkt. Entry # 142, ¶ 12.) This Court agrees that as a result of his present non-affiliation with the DOC, Mohadjerin lacks the authority to approve or otherwise ensure Plaintiff's requested evaluation. It is additionally noted that in opposing Plaintiff's request for a liver transplant evaluation, Defendant Doctor Mohadjerin offers no opinion or facts relating to Chimenti's present medical condition.

Defendant Horn notes that Plaintiff previously filed a similar request which was denied by this Court on January 16, 2002. Horn indicates that because Plaintiff's present motion "offers nothing new," it should be denied. (Dkt. Entry # 143, p. 5.) Horn adds that because Chimenti has provided no medical authority, evidence, or opinion, he has failed to establish a reasonable likelihood that he will succeed on the merits of his case. Finally, Horn contends that in order to obtain the type of transfer he is seeking, Plaintiff should file a motion for modification of sentence under 61 P.S. § 81 with the Pennsylvania state sentencing court. Horn likewise offers no medical evidence in opposition to Plaintiff's motion.

---

[4]It is noted that Doctor Mohadjerin's current whereabouts are unknown. He is believed to have left this country and is living in the Middle East.

4

It is initially noted that this Court's denial of a similar request for preliminary injunctive relief, which was entered over six (6) years ago, is insufficient by itself to warrant denial of Chimenti's present, similar request. Second, while Chimenti may be entitled to a modification of his sentence under Pennsylvania state law, it has not been established that this Court is precluded from entertaining Plaintiff's request for preliminary injunctive relief with respect to his Eighth Amendment deliberate indifference claim. Finally, the submissions of Doctors Pettinger and Dodson indicate that Plaintiff's condition has deteriorated since 2002. Those submissions are sufficient to warrant further inquiry into Plaintiff's assertion that he will suffer irreparable injury if not provided with a liver transplant evaluation.

Based upon those concerns, this is one of those rare cases where it is appropriate for this Court to exercise its discretion to appoint an expert witness under Federal Rule of Evidence 706. See Ford v. Mercer County Correctional Center, 171 Fed. Appx. 416, 420 (3d Cir. 2006) (a court has broad discretion to appoint an independent expert). Specifically, this matter involves an indigent Plaintiff who is prevented by reason of his incarceration from independently obtaining a medical evaluation. Moreover, this is an exceptional case involving a complex issue where differing medical evidence has been submitted to the Court and an independent expert report would assist the trier of fact in resolving the question of whether Plaintiff should be placed on a liver transplant list. See Caliendo v. Trump Taj Mahal Associates, 2007 WL 1038854 * 1 (D.N.J. March 29, 2007); Ford, 171 Fed. Appx. at 421.

Accordingly, an Order was issued in this matter on May 15, 2009 which conditionally granted Plaintiff's motion requesting the appointment of a medical expert pursuant to Federal

Rule of Evidence 706 to undertake an independent evaluation of Inmate Chimenti's medical condition. (Dkt. Entry # 210, ¶ 8.) The Order also directed that in the event that a medical expert was appointed, Defendants would provide the expert with copies of Plaintiff's institutional medical records. (Id. at ¶ 3.)

Doctor Abhinav Humar, Professor of Surgery, Chief, Transplant Division, Thomas E. Starzl Transplantation Institute, at the University of Pittsburgh Medical Center, has agreed to accept a court appointment to act as an independent medical expert in this proceeding. Doctor Humar will review Plaintiff's institutional medical records for the purpose of determining whether the inmate is a viable candidate for a liver transplant. Based upon this development, Plaintiff's pending motion for preliminary injunctive relief will be dismissed without prejudice and subject to renewal, if appropriate, based upon the determinations rendered by Doctor Humar.

In order to assist Dr. Humar in his undertaking, Defendants are directed to forward Plaintiff's institutional records to Doctor Humar within fifteen (15) days of the date of this Memorandum and Order. Upon completing his review, Doctor Humar will prepare an independent written medical expert report and submit it to this Court within forty-five (45) days of the date of this Memorandum and Order. If Doctor Humar's independent written expert medical report concludes that on the basis of his review of Plaintiff's medical records that Chimenti is not a viable candidate for inclusion of his name on the liver transplant waiting list, no further action will be taken with respect to the request for preliminary injunctive relief.

In the event that Doctor Humar is able to make a determination based upon review of Chimenti's institutional medical records that the prisoner's name should be placed on the liver

transplant list, or if Doctor Humar concludes that further testing or examination must be undertaken in order to make an informed determination as to Plaintiff's suitability for a liver transplant, Chimenti may renew his request for preliminary injunctive relief. An appropriate Order will enter.

NOW, THEREFORE, THIS 10th DAY OF SEPTEMBER, 2009, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. Abhinav Humar, MD, Professor of Surgery, Chief, Transplant Division, Thomas E. Starzl Transplantation Institute, UPMC/Montefiore/7th Floor - Suite N725, 3459 Fifth Avenue, Pittsburgh, PA 15213 is appointed as an independent medical expert pursuant to Federal Rule of Evidence 706. The Clerk of Court is directed to serve this Order on Dr. Humar.

2. Defendants are directed to send to Doctor Humar at the address listed above a complete copy of Chimenti's institutional medical records within fifteen (15) days of the date of this Memorandum and Order.

3. Based upon the appointment of Dr. Humar, Plaintiff's motion (Doc. 135) requesting preliminary injunctive relief is DISMISSED WITHOUT PREJUDICE.

4.  Within forty-five (45) days of the date of this Memorandum and Order, Doctor Humar will submit an independent written expert medical report setting forth his findings as to Plaintiff's eligibility for inclusion on a liver transplant list.

                                              s/ Thomas I. Vanaskie
                                              Thomas I. Vanaskie
                                              United States District Judge