**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SALVATORE CHIMENTI, :
:
    Plaintiff, :
:
  v. : CIVIL NO. 3:CV-01-0273
:
ROGER KIMBER, ET AL., : (Judge Vanaskie)
:
    Defendants. :

**MEMORANDUM**

**Background**

Salvatore Chimenti, an inmate presently confined at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Smithfield"), initiated this pro se civil rights action. Remaining Defendants are Martin Horn, former Secretary of the Pennsylvania Department of Corrections ("DOC"),[1] and Farrohk Mohadjerin, M.D., a former employee of Wexford Health Sources, Inc ("Wexford").

A waiver of service of summons filed by the United States Marshal on June 11, 2001, shows that Nurse Paralegal Christine Bryler waived service of the Complaint on behalf of Doctor Mohadjerin on March 29, 2001. (Dkt. Entry # 33.) Thereafter, counsel entered an appearance on behalf of Mohadjerin. (Dkt. Entry # 13.) Defendant Mohadjerin has not challenged the sufficiency of service.

---

[1] By Order dated May 15, 2009, this Court granted Plaintiff's motion for substitution of party and added DOC's current Secretary Jeffrey Beard as a Defendant in his official capacity only. (Dkt. Entry # 219, ¶ 2.)

1

In his Amended Complaint, Plaintiff states that a 1991 liver biopsy conducted during his prior confinement at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), revealed that he tested positive for "Hepatitis C virus." (Dkt. Entry # 76, ¶ 8.) Chimenti admits that his Hepatitis did not require active treatment between 1991 and 1997.

The Food and Drug Administration ("FDA") approved a new aggressive form of care for Hepatitis, Rebetron, in May or June, 1998. Thereafter, the Center for Disease Control ("CDC") issued a national protocol for Rebetron treatment in October, 1998. Chimenti's Amended Complaint contends that Doctor Mohadjerin was deliberately indifferent to Plaintiff's medical needs by not pursuing or seeking approval of Rebetron treatment after the CDC issued the national protocol.[2] Chimenti adds that due to a prolonged delay by the DOC and Wexford Health Services in reaching an agreement on the protocol for providing Rebetron treatment to Pennsylvania state inmates, he was denied the treatment in a timely manner.[3] As a result, his condition has purportedly deteriorated to the point that his liver has become severely damaged. Plaintiff seeks compensatory and punitive damages plus injunctive relief.

By Order dated May 15, 2009, this Court directed counsel for Doctor Mohadjerin to serve Plaintiff with complete responses to his outstanding discovery requests. (Dkt. Entry # 219.) The Order further provided that if complete and timely responses were not served,

---

[2] During the relevant time period, Wexford employed Doctor Mohadjerin as Medical Director of SCI-Huntingdon.

[3] Chimenti started receiving Rebetron therapy on or about June 26, 2000. On or about December 13, 2000, Dr Kimber, who replaced Doctor Mohadjerin as SCI-Huntingdon's Medical Director, discontinued Plaintiff's Rebetron treatment purportedly because the prisoner was not responding favorably.

2

Chimenti could file a motion to compel discovery and/or sanctions as authorized under Federal Rule of Civil Procedure 37.  Presently pending is Plaintiff's motion seeking entry of default against Defendant Mohadjerin as a sanction for failure to provide complete discovery responses.  (Dkt. Entry # 230.)  The motion has been briefed and is ripe for consideration.

**Discussion**

Dr. Mohadjerin is no longer working at or associated with SCI-Huntingdon or any other correctional facility in Pennsylvania.  *(*Dkt. Entry # 142, ¶ 12.)  He is also no longer employed by Wexford.  More importantly, Mohadjerin's current whereabouts are unknown.  His counsel has indicated to this Court that it is believed that the doctor has left this country and is living somewhere in the Middle East.  Counsel has further acknowledged that she has been unable to contact her client for a prolonged period of time despite various attempts, including the hiring of a private investigator, to ascertain his current address, telephone number, etc.

In his pending motion, Plaintiff states that he has served Mohadjerin's counsel with multiple discovery requests, including interrogatories, requests for production of documents, and requests for admissions.  Chimenti asserts that counsel has served "woefully inadequate" responses to his discovery requests and has "claimed not to possess the information necessary to provide a full and complete response."  (Dkt. Entry # 231 at 13.)  He further contends that Mohadjerin's unavailability "renders it impossible for his counsel to comply with most of the plaintiff's more important discovery requests."  (Id. at 9.)

In opposing Plaintiff's motion, counsel for the Defendant argues adequate discovery responses have been made and even if the discovery responses were deemed to be

insufficient, entry of default is not appropriate relief. However, Defendant's counsel acknowledges that "it is unfortunate that defendant Mohadjerin has not had input into the discovery responses." (Dkt. Entry # 237 at 5.) Counsel has also admitted that "they can only produce information accessible to them."[4] (Id.)

Federal Rule of Civil Procedure 37(d)(3) provides that if a party fails to attend a deposition, serve answers to interrogatories, or respond to a request for inspection, a court may impose sanctions, including the entry of default against the disobedient party. Likewise, if a party fails to prosecute or comply with a court order, appropriate action may be taken. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

Adequate grounds have been established in the present case for the extreme sanction of entry of default.[5] With respect to the issue of dilatoriness, since it was Doctor Mohadjerin who has voluntarily relocated, perhaps left the country, without apprising either this Court or his legal counsel of his current whereabouts or providing any means by which his attorney could contact him, a finding of dilatoriness and willful conduct is warranted. Moreover, it is Dr. Mohadjerin who is personally responsible for any deficiencies in the discovery responses because he has left the jurisdiction without notifying his counsel. (Dkt. Entry # 237 at 6.) See

---

[4] Mohadjerin's counsel readily admits that "[o]ur verification clearly states that we were unable to have Dr. Mohadjerin verify the Answers" and that the responses are solely based upon information ascertainable to us. (Dkt. Entry # 232-2 at 1.)

[5] Although Azubuko, 243 Fed. Appx. at 729, recognizes a "balancing under Poulis is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the Poulis analysis should be undertaken. See Hernandez v. Palakovich, 293 Fed. Appx. 890, 894 (3d Cir. 2008) (Poulis factors must be considered before dismissing a case as a sanction for failure to follow a court order).

generally, Poulis, 747 F.2d at 865, 868 (failure to respond to discovery requests constitutes dilatoriness.) His conduct also demonstrates that this is not a case of simple neglect or inadvertence, but rather deliberate conduct which has resulted in prejudice. See Ware v. Rodale Press, 322 F.3d 218, 222-23 (3d Cir. 2003)(prejudice results from not providing or delaying production of information sought through discovery).

Second, the absence of Doctor Mohadjerin in a case involving claims centering upon the medical treatment which he provided to the Plaintiff clearly prevents the submission of fully informed discovery responses on his behalf. While this Court is satisfied that Mohadjerin's counsel has undertaken a reasonable attempt to locate her client, it is equally apparent that Mohadjerin lacked any involvement in the formulation of discovery responses and did not verify their accuracy, rendering those responses incomplete and prejudicing Plaintiff's ability to prosecute this matter. See Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 920-21 (3d Cir. 1992)(Poulis prejudice requirement is satisfied if inadequate discovery responses results in denial of important information to a party); McEwen v. Mercer County Correctional Center, 2007 WL 1217357 *3 (D.N.J. April 24, 2007)(deprivation of information through non-cooperation with discovery is prejudicial).

Furthermore, other sanctions are not a viable alternative at this advanced stage in the proceedings because it is apparent that Mohadjerin is not going to participate in this litigation. Entry of default is the only meaningful remedy available to sanction a party who deliberately fails to defend an action.

As Chimenti acknowledges, any award of compensatory or punitive damages is a matter

to be "heard and duly decided by a jury. . . ." (Brief in Support of Motion for Default Judgment, Dkt. Entry # 231, at 42.) While Mohadjerin's default is sufficient to establish deliberate indifference to a serious medical need on his part, Chimenti retains the burden of proving causation and damages. See Banks v. Vasseller, No. 09-20203, 2009 WL 4630064, at *2 (S.D. Fla., May 26, 2009); Oire Oregon C, LLC v. Yaldo, No. CV 08-724, 2008 WL 5071709, at *1 (D. Ore., Nov. 25, 2008) ("Even though Dr. Yaldo is in default, he is still entitled to be heard on the amount of damages. Therefore, Dr. Yaldo should be provided the opportunity to appear at a hearing on the issue of damages to be entered through a default judgment."). Likewise, Chimenti retains the burden of proving that an award of injunctive relief against Mohadjerin is appropriate. Accordingly, judgment in Chimenti's favor is not warranted at this time.

An appropriate Order will enter.

**s/ Thomas I. Vanaskie**
United States Circuit Judge
Sitting by Designation on the District Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SALVATORE CHIMENTI,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL NO. 3:CV-01-0273** |
| : | |
| **MARTIN HORN ET AL.,** : | **(Judge Vanaskie)** |
| : | |
| Defendants. : | |

## ORDER

**NOW, THIS 1st DAY OF JULY, 2010**, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion (Dkt. Entry # 230) requesting entry of default against Defendant Farrohk Mohadjerin, M.D. for failure to provide complete discovery responses is **GRANTED**.

2. The Clerk of Court is directed to enter default against Defendant Farrohk Mohadjerin.

          **s/ Thomas I. Vanaskie**
          United States Circuit Judge
          Sitting by Designation on the District Court