# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALVATORE CHIMENTI | : |
|     Plaintiff, | : |
| v. | : CIVIL NO. 3:CV-01-0273 |
| ROGER KIMBER, et al., | : (Judge Caputo) |
|     Defendants | : |

## ORDER

Salvatore Chimenti, an inmate presently confined at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania, initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges claims of deliberate indifference to serious medical needs against two Defendants – Martin Horn, former Secretary of the Pennsylvania Department of Corrections ("DOC"), and Farrohk Mohadjerin, M.D., Medical Director of the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), and an employee of Wexford Health Sources, Inc.[2]

By Memorandum and Order dated July 1, 2010, Judge Vanaskie of this Court granted Plaintiff's motion requesting entry of default as a sanction against Doctor Mohadjerin for said Defendant's failure to provide complete discovery responses. See Doc. 293. Chimenti's action was subsequently reassigned to the undersigned. Presently pending is Doctor Mohadjerin's motion to set aside default which is submitted pursuant to

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] During the relevant time period, Wexford employed Doctor Mohadjerin as Medical Director of SCI-Huntingdon.

Federal Rule of Civil Procedure 55(c).³  See Doc. 295.

**Background**

A waiver of service of summons filed by the United States Marshal on June 11, 2001, shows that Nurse Paralegal Christine Bryler waived service of the Complaint on behalf of Doctor Mohadjerin on March 29, 2001.  See Doc. 33.  On April 11, 2001, prior counsel entered an appearance on behalf of Doctor Mohadjerin.  See Doc. 13.  Defendant Mohadjerin did not challenge the sufficiency of service.  Mohadjerin's current counsel did not enter her appearance until June, 2005.  Plaintiff's Amended Complaint was submitted on August 8, 2005.  See Doc. 76.

It is undisputed that Dr. Mohadjerin is no longer working at or associated with SCI-Huntingdon or any other correctional facility in Pennsylvania.  See Doc. 142, ¶ 12.  The Defendant is also no longer employed by Wexford.  More importantly, Mohadjerin's current whereabouts are unknown.  His counsel has previously indicated that it is believed that the doctor has left this country and is living somewhere in the Middle East.  Counsel has further acknowledged that she has been unable to contact her client since entering her appearance in June, 2005 despite various attempts, including the hiring of three private investigators, to ascertain his current address, telephone number, etc.  See Doc. 295-2, ¶¶ 9-12.

By Order dated May 15, 2009, Judge Vanaskie directed counsel for Doctor Mohadjerin to serve Plaintiff with complete responses to his outstanding discovery requests.  (Doc. 219.)  The Order further provided that if complete and timely responses were not served, Chimenti could file a motion to compel discovery and/or sanctions as authorized under Federal Rule of Civil Procedure 37.  On December 7, 2009, Plaintiff filed

---

³ It is noted that Judge Vanaskie entered default against Defendant Mohadjerin as a sanction pursuant to Federal Rule of Civil Procedure 37(d)(3).  This is not a case where default was entered pursuant to Federal Rule of Civil Procedure 55.

a motion seeking entry of default against Doctor Mohadjerin pursuant to Rule 37. See Doc. 230. Mohadjerin's submitted discovery responses which were made and certified by his attorney stated at various times that although a reasonable inquiry had been made, the information known or readily available was insufficient to admit or deny the request. See Doc. 237 at 4.

A July 1, 2010 Memorandum and Order issued by Judge Vanaskie granted Plaintiff's motion for entry of default against Dr. Mohadjerin as a sanction for failure to provide complete discovery responses but acknowledged that "judgment in Chimenti's favor is not warranted at this time." Doc. 293, p. 6. Therein, Judge Vanaskie reviewed Plaintiff's request under Federal Rule of Civil Procedure 37(d)(3) and applied the standards developed by the Third Circuit Court of Appeals for the Third Circuit in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984) and other relevant cases.

Based upon an application of the factors announced in Poulis, Judge Vanaskie concluded that: (1) a finding of dilatoriness and willful conduct was warranted because Doctor Mohadjerin voluntarily relocated, perhaps left the country, without apprising either this Court or his legal counsel of his current whereabouts or providing any means by which his attorney could contact him; (2) the absence of Doctor Mohadjerin in a case involving claims centering upon the medical treatment which he provided to the Plaintiff, the lack of involvement by Mohadjerin in the formulation of discovery responses, and the fact that he did not verify their accuracy clearly prevents the submission of fully informed complete discovery responses on his behalf, thereby prejudicing Plaintiff's ability to prosecute this matter; (3) counsel for Mohadjerin cannot properly continue to proceed in this matter without any input from her client as evidenced by the submission of incomplete, unverified discovery responses; and (4) other sanctions are not a viable alternative at this advanced stage in the proceedings because there is not even the slightest indication that Doctor

3

Mohadjerin's whereabouts will be ascertained within the foreseeable future.

**Discussion**

Counsel for Defendant Mohadjerin acknowledges that Judge Vanaskie employed the correct test in his disposition of the default request. See Doc. 295, ¶ 2. However, counsel requests that the entry of default be set aside with respect to the issue of willful or deliberate conduct because Judge Vanaskie failed to make explicit factual findings and his decision was not based upon a full factual record. See id. at ¶ 7. The motion next contends that relief should be granted because it is unclear as to whether Dr. Mohadjerin was ever notified of the existence of this lawsuit or the fact that service had been accepted on his behalf. See id., p. 5. It was also asserted that Judge Vanaskie failed to consider whether Mohadjerin has meritorious defenses to Plaintiff's action; if Chimenti may be incapable of establishing a deliberate indifference claim; and if imposition of a less drastic sanction would be less prejudicial.

Rule 55(c) permits a district court to set aside an entry of default "for good cause." In undertaking a Rule 55(c) determination, a district court must consider whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. See Wingate Inns v. P.G.S., LLC, 2011 WL 256327 * 2 (D.N.J. Jan. 26, 2011); Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club, 175 Fed Appx. 519, 522 (3d Cir. 2006).

With respect to the first prong of the Rule 55(c) analysis, the relevant issue is whether Plaintiff will be prejudiced. In other words, if a default is not entered, will Chimenti continue to be harmed. In granting Plaintiff's request for a default sanction, Judge Vanaskie aptly observed that "it is apparent that Mohadjerin is not going to participate in this litigation" and that the discovery responses made on behalf of said defendant "were incomplete ... prejudicing Plaintiff's ability to prosecute this matter." Doc. 293, p. 5.

Counsel has not presented this Court with any evidence which could establish that Mohadjerin's whereabouts will be ascertained or that he will be able to assume participation in the defense of this action.  In accordance with the reasons cited by Judge Vanaskie, it is similarly apparent to this Court that Chimenti's ability to pursue his claims against Doctor Mohadjerin will continue to be hindered because the Defendant's continued, prolonged absence has clearly interfered with Chimenti's ability to complete discovery.

The second prong inquires as to whether Doctor Mohadjerin, has alleged facts which if established at trial would constitute a meritorious defense.  This requirement does "not require the defaulting party to prove that it will prevail at trial but it must establish that it has a defense which, on its face, is meritorious." Id.  However, the grounds for the defense must be set forth with "some specificity." Nationwide, 175 Fed. Appx. at 522.  In the present case, Dr. Mohadjerin's unavailability clearly limits the ability of his current counsel to present facts which would establish a meritorious defense on behalf of her client.  As a result, the pending motion to set aside does not focus on Mohadjerin's possible defense, but rather expresses the belief that Plaintiff may not be able to meet his burden of establishing deliberate indifference by Mohadjerin.  This Court is not satisfied that Mohadjerin's argument satisfies his burden of establishing a specific litigable defense. Moreover,  the July 1, 2010 Memorandum and Order additionally observed that despite the entry of default, "judgment in Chimenti"s favor is not warranted at this time" because "Chimenti retains the burden of proving causation and damages" and "proving that an award of injunctive relief against Mohadjerin is appropriate."  Doc. 293, p. 6.

Pursuant to the above discussion, since Mohadjerin has not presented this Court with facts which if established, would adequately constitute a meritorious defense and since Plaintiff still bears the burden of proving causation by Mohadjerin at trial, counsel for the Moving Defendant has failed to satisfy the meritorious defense prong of Rule 55(c).

The third prong requires an inquiry as to whether the default was the result of Defendant Mohadjerin's culpable conduct. The Third Circuit Court of Appeals has defined culpable conduct as "conduct that is taken wilfully or in bad faith." Hill v. Williamsport Police Dept., 69 Fed. Appx. 49, 52 (3d Cir. 2003). It is undisputed that Mohadjerin voluntarily relocated and that even though his current counsel "has undertaken numerous efforts to locate Dr. Mohadjerin, including engaging three private investigators and conducting our own independent research efforts," he cannot be located. Doc. 295-2, ¶ 11.

Mohadjerin's counsel contends that it has not been established that her client was ever given notice of this lawsuit. In part, counsel asserts that Judge Vanaskie never considered that a Wexford employee waived service of the Complaint on behalf of Mohadjerin. Doc. 295, ¶ 9. However, Judge Vanskie's July 1, 2010 Memorandum and Order specifically stated that a waiver of service of summons filed by the United States Marshal on June 11, 2001, shows that Nurse Paralegal Christine Bryler waived service of the Complaint on behalf of Doctor Mohadjerin on March 29, 2001. Next, counsel points out that the fact that Wexford terminated Mohadjerin's independent contractor status on September 30, 2000 prior to the waiver of service was not taken into consideration. While that occurrence is noteworthy, it clearly does not establish that Mohadjerin was not given notice of this lawsuit. Moreover, although Mohadjerin has been represented by counsel since April 11, 2001, he did not challenge the sufficiency of service.

Defendant Mohadjerin's current counsel has also not presented any facts which would clearly establish that Mohadjerin never received notice of this action. Rather, there is only a wholly speculative argument that current counsel's review of the file does not establish that Mohadjerin was ever contacted by either Wexford or his prior counsel as to the initiation of this matter. Simply put, no sufficient factual basis has been presented to

this Court which would establish that Mohadjerin was not given notice of this action, thereby excusing his prolonged unexplained absence.[4]

Based upon the above discussion, there is no basis for this Court to set aside Judge Vanaskie's determination that Mohadjerin's prolonged absence, despite a substantial effort to ascertain his whereabouts, was the result of culpable conduct. In conclusion, based upon an application of Rule 55(e)'s three part test, Mohadjerin's counsel has failed to provide this Court with a sufficient basis which would warrant setting aside the sanction of entry of default previously granted by Judge Vanaskie in this matter.

**AND NOW, THIS 15 th DAY OF MARCH, 2011, IT IS HEREBY ORDERED THAT:**

Defendant Mohadjerin's motion (Doc. 295) to set aside default is denied.

      /s/ A. Richard Caputo

**A. RICHARD CAPUTO**
**United States District Judge**

---

[4] In a supporting affidavit, Plaintiff's counsel admits that "based upon the information available to me, I cannot determine if Dr. Mohadjerin was ever notified of these proceedings." Doc. 195-2, ¶ 19. Hence, it is apparent that counsel does not have any evidence to submit to this Court which would establish that her client was never given notice of Chimenti's lawsuit.