**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SALVATORE CHIMENTI** : | |
| Plaintiff, : | |
| v. : | CIVIL NO. 3:CV-01-0273 |
| **ROGER KIMBER, et al.,** : | (Judge Caputo) |
| Defendants : | |

**MEMORANDUM ORDER**

**Background**

Salvatore Chimenti, an inmate presently confined at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania initiated this civil rights action pursuant to 42 U.S.C. § 1983 regarding his medical treatment for Hepatitis C while incarcerated at the State Correctional Institution, Huntingdon, Pennsylvania (SCI-Huntingdon). It is alleged that there was a delay in providing Plaintiff with an aggressive form of care, Rebetron.[1]

A March 15, 2002 Memorandum and Order by Judge Vanaskie of this Court granted motions to dismiss filed by the Wexford Defendants, Roger Kimber M.D., and the Commonwealth Defendants. By Opinion dated June 8, 2005, the United States Court of Appeals for the Third Circuit concluded that Plaintiff sufficiently alleged claims of deliberate indifference to serious medical needs against two Defendants, former Secretary Martin Horn of the Pennsylvania Department of Corrections ("DOC"), and Farrohk Mohadjerin, M.D., Medical Director of SCI-Huntingdon, and an employee of Wexford Health Sources, Inc. ("Wexford").[2] See Chimenti v. Kimber, 133 Fed. Appx. 833, 834 (3d

---

[1] Rebetron is a combination therapy of Interferon and Ribavirin. See Doc. 334, p. 2.

[2] Wexford employed Doctor Mohadjerin as Medical Director of SCI-Huntingdon. However, Mohadjerin is no longer working at or associated with SCI-Huntingdon or any other correctional facility in Pennsylvania. See Doc. 142, ¶ 12. The Defendant is also no longer employed by Wexford and his current whereabouts are unknown.

Cir. 2005).

With respect to Secretary Horn, the Third Circuit Court of Appeals stated as follows:

> We conclude that the allegations that Horn knew about the Hepatitis C problem in the prisons and the importance of the protocol negotiations between the Department of Corrections (DOC) and Wexford, yet failed to timely issue the protocol are not so improbable or conclusory as to fail to state a claim.  On remand, the record can be developed with respect to what Horn knew about the prison system's Hepatitis C problem, what role he played in the negotiations, and the reasons for the delay.

Chimenti, 133 Fed. Appx. at 834.

Plaintiff's request for leave to file an Amended Complaint regarding his surviving claims was subsequently granted.  An Amended Complaint was submitted on August 8, 2005.[3]  See Doc. 76.   Therein, Plaintiff indicates that he has suffered physical harm, specifically progression of his Hepatitis, including liver deterioration, as a result of the delay in being provided with Rebetron.  He further maintains that he has suffered emotional distress due to his personal concerns regarding the alleged delays in his treatment.  With respect to Secretary Horn, the Amended Complaint seeks relief on the basis that  Horn "knew or should have known" of the need to implement "a speedy medical protocol for appropriate Rebetron treatment."  Id. at ¶ 27.  Despite that knowledge, Horn allegedly failed to take reasonable action.  Chimenti seeks compensatory and punitive damages as well as  injunctive relief, specifically, a transfer to the State Correctional Institution, Pittsburgh, Pennsylvania ("SCI-Pittsburgh") for the purpose of undergoing a liver transplant evaluation.  See id., p. 11.

On April 20, 2006, Horn filed a motion seeking entry of summary judgment.  See Doc. 96.  Defendant Horn's motion claimed entitlement to entry of summary judgment solely on the grounds that Plaintiff failed to exhaust his administrative remedies.  The

---

[3] Although this action was initiated *pro se*, Chimenti is now represented by counsel.

motion was denied by Judge Vanaskie on June 24, 2008.  See Doc. 131.

On February 14, 2011, Secretary Horn filed a second summary judgment motion (Doc. 319) which sought relief on the grounds that:  (1) Chimenti cannot establish that Horn was personally involved in the creation and issuance of the Hepatitis C treatment protocol; (2) Plaintiff has not shown that there was a delay in the DOC's issuance of the Hepatitis C treatment protocol; and (3) even if there was a delay, it cannot be established that the delay caused Plaintiff any specific or quantifiable harm or damage.  See Doc. 326, p. 9.

By Memorandum and Order dated September 19, 2011, this Court denied Horn's motion for summary judgment.  Presently pending is Horn's motion (Doc. 339) seeking reconsideration.   Former Secretary Horn has also filed a third summary judgment motion.  See Doc. 345.  For the reasons outlined below, both motions will be denied.

## Discussion

**Motion for Reconsideration**

Defendant Horn asks that this Court "reconsider its Memorandum and Order dated September 19, 2011."  Doc. 339, p. 1.  However, Horn's supporting brief acknowledges that his reconsideration "does not seek to reargue issues already decided."  Doc. 340, p. 2.  Rather, former Secretary Horn asks that in order to prevent "manifest injustice" this Court should "entertain the issue of qualified immunity at this time where it will not delay and could avoid an unnecessary trial."  Id. at 2-3.

An opposing brief by Plaintiff asserts that Horn's motion should be dismissed because a reconsideration motion may not be employed to set forth an additional argument which was not previously raised.  See Doc 341, p. 5.  Plaintiff adds that a trial will still be necessary in this matter since the pending reconsideration request would not resolve the claims against Defendant Mohadjerin or the request for injunctive relief against Defendant Horn.

3

This Court agrees that it is unclear as to how favorable disposition of the qualified immunity argument would alleviate the need for a trial in this matter. Clearly, even if the reconsideration request were to be granted, such a determination would not resolve disposition of the claims against Doctor Mohadjering. In addition, although Plaintiff was previously afforded an evaluation in 2009 by Abhinav Humar, M.D., Director of the Transplant Program at the University of Pittsburgh Medical Center[4], there remains the potential that an additional evaluation would be an appropriate award of injunctive relief, as requested by Plaintiff, due to the passage of time since Doctor Humar's 2009 evaluation.

Second, a motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Defendant Horn's pending reconsideration request does not seek to correct any

---

[4] Judge Vanaskie previously appointed Doctor Humar to act as an independent medical expert under Federal Rule of Evidence 706.

error of law or fact set forth in this Court's September 19, 2011 Memorandum and Order. The Moving Defendant likewise does not present any newly discovered precedent or evidence which might affect this court's prior decision.

Rather, the sole purpose of Secretary Horn's motion is to raise an entirely new argument, entitlement to qualified immunity.  Since the purpose of a reconsideration motion is not to present new unrelated arguments which could have been previously raised, under the well established standards set forth above Defendant Horn's reconsideration motion is subject to dismissal.  See Great American Ins. Co. V. Honeywell, 2009 WL 5064478 *1 (W.D. Pa. Dec. 17, 2009)( a reconsideration motion may not be employed to advance new theories).  This determination is furthered bolstered by the Moving Defendant's own acknowledgment that qualified immunity may not be the proper subject of the motion for reconsideration.  See Doc. 346, p. 2.

**Summary Judgment**

As noted by this Court's Order of January 24, 2011, the deadline for submission of dispositive motions which was previously extended on numerous dates expired on February 14, 2011.  See Doc. 318 .   Prior to the expiration of said deadline, Defendant Horn filed two (2) separate motions for summary judgment.  The Defendant's first summary judgment motion was filed April 20, 2006 and denied June 24, 2008.  The second was filed on February 14, 2011 and denied September 19, 2011.  Neither of those motions included a qualified immunity argument.

On November 2, 2011, Defendant Horn filed a renewed motion for summary judgment.  See Doc. 345.  Since the deadline for submission of dispositive motions already passed, ex-Secretary Horn's summary judgment motion is clearly untimely.[5]  It is also noted

---

[5] Horn "concedes the deadline for dispositive motions has since expired."  Doc. 353, p. 2.

5

that Horn did not file a motion with the Court seeking permission to file a third summary judgment motion.  Moreover, the Moving Defendant has not offered any explanation whatsoever as to why he did not included his qualified immunity argument in either of his prior, timely filed summary judgment motions.

Based upon those considerations, Defendant Horn's third summary judgment motion will be dismissed as untimely.[6]

**AND NOW, THIS 18TH  DAY OF APRIL, 2012, IT IS HEREBY ORDERED THAT:**

1. Defendant Horn's motion (Doc. 339) for reconsideration is DENIED.

2. Defendant Horn's third summary judgment motion (Doc. 345 ) is DISMISSED AS UNTIMELY.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**

---

[6]  Based upon this Court's conclusion in the September 19, 2011 Memorandum and Order that there are significant disputes of material fact.  Consequently, Defendant Horn's reply brief's alternative invitation that this Court *sua sponte* raise the issue of qualified immunity will de declined.